ELIZABETH DUNBAR et al. *vs.* ANTONIO CHEVALIER.

If a witness in any event could be a loser by the success of a suit, or a gainer by the defeat of a case, in which he is called to give evidence, it is clear that he is interested in law in the result of it, and is incompetent to testify for the party through whom such interest is involved.

The release executed by Mrs. A. to the co-legatees of the estate of so much of her share as might be required to pay her portion of the judgment would, in the event the estate should be compelled to pay the debt, be but an acquittance or assignment of so much of her share of the estate, without any thing to discharge the balance due her from liability for the debts of the estate. *Held,* that a transfer of a part of her share of the estate could not absolve the balance due her from liability for the debts of the estate.

Nor could the release of the executors to Mrs. A., for contribution to pay the debt, discharge her share from liability. The liability for contribution was a right of the other legatees against the witness (Mrs. A.), with which the executors had nothing to do.

It cannot be taken into consideration, in determining the competency of the witness (Mrs. A.), that the co-legatees would apply the amount transferred or released to them to the payment of the judgment, if recovered. There is no obligation upon the co-legatees to discharge the witness from contribution, or to apply the amount released or transferred to them in payment of the judgment. *Held,* that the witness was in law interested in the result of the suit, and was properly excluded.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

14\*

Dunbar et al. *v.* Chevalier.

Antonio Chevalier filed his complaint to the November term, 1850, of the Adams circuit court, against the executors of Isaac Dunbar, upon an account amounting to $400.75, for medical services rendered to the deceased.

The executors pleaded the general issue and payment.

Upon the trial, the executors, in support of their plea of payment, offered in evidence the deposition of Mrs. Affleck, who was admitted to be a residuary legatee of Isaac Dunbar (and whose testimony was objected to on that ground), and in connection therewith produced in court two releases, namely: —

The first, executed by Mrs. Affleck and her husband, by which, in consideration of five dollars and other good considerations, they release, assign, and transfer to the other legatees of Isaac Dunbar "so much of our share and proportion of the estate of said testator as shall be equivalent to a like proportion of the whole amount of principal and interest demanded in said suit" (that of Chevalier against the executors), "together with costs of suit, as well in the event of a recovery thereof by said plaintiff, as of a successful defence and defeat of said suit, for the whole or any part of the demand thereof;" and delegating to said assignees full power to collect of the executors the full share of the said Affleck and wife, of all the money and effects that may be saved to said estate by a successful defence and defeat of said suit, in whole or in part, &c.

The second release was executed by the executors of Isaac Dunbar to Affleck and wife, and releases them from any and all contribution towards any judgment that may be recovered by Chevalier, and also from contribution towards costs, &c.

The testimony of Mrs. Affleck was, that the deceased had, from time to time, paid Chevalier for his professional services as they were rendered, and that upon his last visit he paid him fifty dollars in her presence, when Chevalier said he had then received more than he expected, and expressed his gratitude to deceased for his liberality.

This evidence was ruled out by the court, and a verdict rendered for the full amount of the account sued on, and interest.

A motion for a new trial was made, and overruled by the

court, and a bill of exceptions duly taken, and a writ of error prayed to this court.

*John B. Coleman,* for appellants.

The record presents but one question for adjudication: Was Mrs. Affleck a competent witness on behalf of the executors of Isaac Dunbar?

It was admitted upon the trial, that she was a residuary legatee of Isaac Dunbar. Her evidence was objected to upon that ground, and upon that ground alone was it ruled out by the court. Her supposed interest in the event of the suit, arising from her position of residuary legatee, caused her rejection. If, then, we can show, as we think we can, that prior to the taking of her deposition, she had divested herself of all possible interest in the controversy between Chevalier and the executors of Dunbar, we establish her competency.

The answers to two propositions will determine the question of her interest in the suit:—

1. Could she gain any thing by a decision of the case in favor of the executors?

2. Could she lose any thing by its decision against the executors?

1. By the instrument of release and assignment executed by Mrs. Affleck and her husband, before her deposition was taken, she had, for a valuable consideration, transferred to her co-legatees her interest in the residuum of Isaac Dunbar's estate, to an amount equal to her proportion of the entire demand of Chevalier, with interest and costs. Manifestly, then, she could gain nothing by the defeat of Chevalier's suit, because, in advance of its determination, she had given up to her co-legatees the precise amount which, in the event of Chevalier's obtaining judgment for all he claimed, would have to be deducted from her proportion of the residuum.

To illustrate. We will suppose that there were seven residuary legatees, including Mrs. Affleck, and Chevalier's entire claim amounted to $700; her interest, then, in the residuum of Dunbar's estate, would have been affected by this suit of Chevalier to the extent of $100, and no more. That sum she has

transferred and released to her co-legatees. She has given them the precise amount that her interest in the residuum would have been chargeable with, in the event of Chevalier's gaining the suit. She has thus, in substance, paid her proportion of Chevalier's claim, and left her co-legatees to litigate the matter with him. If they succeeded in defeating him, they would be the sole gainers, and would retain for their own use and benefit the $100 transferred to them by her. Mrs. Affleck neither would nor could be benefited by the decision to the amount of one cent.

We say, that by this transfer and release, Mrs. Affleck has in effect paid, without litigation, her full proportion of Chevalier's claim. Let it be borne in mind, that the sole ground of objection to her testimony was her being a residuary legatee. Now, we ask, What is a residuary legacy? A bequest of all the estate that is left after the full payment of all the debts and specific legacies. Mrs. Affleck being but a residuary legatee, and having no interest whatever in the general estate, could be affected by Chevalier's claim only to the extent that the decision upon it would increase or diminish the residuum. This we take to be clear. Having released and transferred to her co-legatees her share of this residuum, to an amount equal to her proportion of Chevalier's entire demand, she has in effect paid her proportion, and thus divested herself of all possible chance of gaining any thing by the defeat of Chevalier. Suppose the residuum to amount to $7,000, Chevalier's claim being still unsettled, the share of each residuary legatee would then be $1,000. Estimating Chevalier's claim at $700, it would, were it sustained, reduce the shares of the residuary legatees to $900 each. Mrs. Affleck, by her assignment and release, has already submitted to this reduction of her share; so that, if Chevalier loses the suit, she will still receive only her $900. It thus seems to us clear, that in no possible contingency could Mrs. Affleck be a gainer by the decision of this case in favor of the executors.

2. Could Mrs. Affleck lose any thing by a decision of the suit against the executors? In her individual capacity, she could lose nothing, because, individually, she was in nowise

responsible to Chevalier. She was in possession of no property that could in any event be subjected, in whole or in part, to the satisfaction of any judgment Chevalier might obtain against the executors. And she had received from Dunbar's estate nothing from which she could be called upon for contribution towards the payment of the judgment. Being but a mere residuary legatee, she could not, of course, be in possession of her share of the residuum. That could neither be ascertained nor handed over to her until all the debts and specific legacies had been paid by the executors, and the estate settled up. And that this had not been done is evidenced by the pendency of Chevalier's suit. She could, then, only be a loser by the effect that Chevalier's judgment would have in lessening her share in the residuum. Having by her transfer and release, voluntarily submitted to that reduction of her share; having given her proportion of the amount of Chevalier's demand to her co-legatees, to be received and retained by them in the event of Chevalier's defeat, or to be paid over to Chevalier by the executors should he succeed in recovering judgment, she stood perfectly indifferent to the result of the suit; and we can imagine no possible contingency in which she could be a loser by its decision in Chevalier's favor. This is not the case of a specific legatee, or a general distributee of an estate. These may be called upon for contribution; they may be required to refund the specific legacy, or the distributive portion may be subjected by execution; but in the case of a residuary legatee there can be no such thing as contribution, refunding, or subjecting of property to execution, before the settlement of the estate, for the reason that until the estate is finally settled, until every debt and every specific legacy has been paid, the residuum cannot be ascertained and paid over to the residuary legatees; till that is done, they can receive nothing.

Had Mrs. Affleck released her entire interest in the residuum of Isaac Dunbar's estate, we presume no question would have been entertained as to her competency. We submit that she has, for all the purposes of this case, done precisely the same thing, by releasing and transferring all her interest in the resid-

uum, that could by any possibility be affected, either favorably or adversely, by the decision of this suit.

*J. A. T. Midderhoff*, for appellee.

Chevalier, the plaintiff below, instituted suit at the November term, 1850, against the executors, &c., of Isaac Dunbar, deceased, upon an account for medical services and medicines, &c., and afterwards obtained judgment.

On the trial of the cause, after plaintiff had submitted all his proofs, the defendant executors offered in evidence the deposition of Anna M. Affleck, who is a daughter, and one of the heirs and legatees of Isaac Dunbar, deceased; they also offered two instruments in writing, purporting to be mutual releases between said witness, Affleck, and the executors, &c. Objection being made, the court excluded said deposition, which is the only error assigned in the record. A legatee is not a competent witness for the executor. 2 Munf. 452; 7 Cow. 64; 2 Halst. 68; *Strong* v. *Finch*, Minor, 256; 1 South. 104.

A witness who gains or loses by the event of the cause, or if the verdict can be given in evidence for or against him, in another suit, is incompetent. 5 Johns. Rep. 258, and note (a); 1 T. R. 164; 4 Ib. 17; 4 East, 582; 3 Johns. Cas. 83; 1 Phil. Ev. 51, 52; 1 Mass. 239; 2 Day, 466; 1 Campb. 381; 2 Ib. 301. The heir of the testator is not a competent witness for the executor. 1 Mass. 239; 17 Ohio, 44. A distributee is not a competent witness. 6 How. R. 9; 11 S. & M. 455; 2 Bibb, 427.

The supposed releases did not make the witness, Affleck, competent; and in law surely they are not proper releases. Chevalier demands his money from the estate of the testator, Isaac Dunbar; and the whole estate is liable to pay that debt.

" A release is the giving or discharging of a right of action, which a man hath or may claim against another, or that which is his; or it is the conveyance of a man's interest or right he hath to a thing to another, who hath possession thereof or some estate therein." Bacon's Abr. Title Release.

" It is a general rule that a mere possibility cannot be

released, and the reason thereof is, that a release supposes a right in being." Ib. (H.)

The witness, Anna M. Affleck, at the time of the execution and delivery of said supposed release, had no right of action against any person in the subject-matter of said release. She cannot and does not release any thing due or owing to her; but mark the anomaly, she releases her share of Chevalier's claim, which she herself has (partly or may be wholly) to pay, out of her legacies or distributive share. A debtor releasing her indebtedness to other debtors! Nor is said supposed release certain or specified. No certain or specified sum or thing has been released or can be released, because unknown and contingent upon the trial, evidence, verdict, and judgment of the circuit court. Nor could it be ascertained, whether any sum, or what sum, may be, or after trial has been, saved to said estate by said Anna M. Affleck's testimony, out of which sum, thus saved, her share is released; not to the executors but to six assignees. "It is laid down in Hoe's case, that a duty, uncertain at first, which upon a condition precedent is to be made certain afterwards, is but a possibility which cannot be released." Bacon's Abr. Release, (H).

The defendant executors are not released and discharged from any liability or obligation to said Affleck; they are only named and appointed as trustees for a contingency, uncertain, unspecified, unknown, and unascertainable. The defendant executors are appointed as trustees for six named assignees in said supposed release. This is not a present release of any liability of the executors. 17 Mass. 581; 9 Ib. 235; 3 U. S. Dig. p. 328, § 24. In 4 Campb. 27, it was held "that the residuary legatee is not made competent for the executor by releasing to him all claim to the debt, (a debt due to the estate,) for if the executor fail, he must pay the costs of his own attorney, which will be a charge upon the estate."

Mrs. Affleck, at the time of the execution of her supposed release, had no right or claim against anybody for the recovery of the matter set forth in said release; therefore, no right passes by said instrument of writing. 4 Mass. 688; 3 U. S. Dig. p. 332, § 107.

To render the residuary legatee, Affleck, a competent witness for the executors, she must release all her interest in the estate, in the legacies and distributive fund. 2 Dana, 391; 9 U. S. Dig. (of 1849), .p. 436, § 20; *Sylvester* v. *Downer*, 20 Vt. (5 Washb.) 355; U. S. Dig. for 1847, p. 495, § 167; *Sheer* v. *Austin*, 2 Rich. 330.

Mrs. Affleck's deed of release does not make her competent. See in point, 5 U. S. Dig. (Supplement) Title Witness, p. 982, § 556; *Reynold* v. *Stephenson*, 11 Leigh, 369.

The release by an heir and distributee to the administrator of all interest in the matter in controversy and in the contract, does not restore his competency. 3 U. S. Dig. p. 711, § 600; *Rant* v. *Kile*, Gilmer, 202.

The main reason why an heir, legatee, or distributee of an estate cannot be permitted to testify in favor of the executor is, that he is directly interested in the estate, the amount of the fund, or pile, to be distributed. All the authorities and precedents very properly reject such evidence, unless a release of all the entire interest of the heir, legatee, or distributee in the estate, in the pile, in the final fund to be distributed, is executed and *bonâ fide* delivered. Mrs. Affleck has not done so, and never will; she is therefore not a competent witness for the executor to increase the distributive fund, and her own share thereof, nor for any other purpose.

The release of said defendant executors to said Affleck is entirely nugatory and of no effect.

How can the executors release the Afflecks from the payment of Chevalier's debt or claim? or from contribution to pay the same? Why all the property of the deceased testator .is subject to the payment of his debts? See Rev. Code, c. 9, § 52 and 91; How. & Hutch. 406.

And it is subject to levy in the·hands of any distributee or legatee even after distribution made. 1 How. R. 207.

Any release of the executors to the heir and residuary legatee and distributee for contribution to pay the judgment of Chevalier, will not be regarded by the sheriff with an execution in his hands, but he will levy upon any or all property which were of the deceased testator, even in the hands of the legatees.

Dunbar et al. *v.* Chevalier.

*J. F. Cushman,* on the same side.

There is no principle of law better settled, than that a witness who is interested in the event or result of a suit is incompetent to testify in the case, unless such witness execute a release of all interest.

The release to be executed in such case, must be of the whole and entire interest in the result of the suit, and the property or estate out of which the claim is to be paid in the event it is recoverable.   A partial release will not do to render such a witness competent.   In this case, Mrs. A. only executed a release of interest in the estate of the deceased to the amount of Chevalier's claim, which she would have to pay in the event he recovered a judgment against the executors.   Such a release could not absolve her from all interest in the suit.   A judgment rendered against an executor or administrator in such a case is *de bonis testatoris,* and a levy of an execution could be made upon even a residuary legacy, if the balance of the property should not be sufficient to satisfy the judgment.   Nothing short of a release, then, of the entire interest the witness had in the estate of the deceased could render her testimony competent, and this was not done as the release upon its face shows.

The release executed by the executors to Mrs. A., absolving her from contribution to pay the debt, could not discharge her share of the property from liability to pay in the event of a judgment being recovered against the estate.   It is certainly unreasonable that the executors should have the power to discharge one legatee of an estate from payment of a debt against the estate, and cause the whole debt to fall on the other legatees.   Much more unreasonable would it be that the executors, in their capacity as such, should have power to bind the other legatees not to call on the witness for contribution.   This was a right with which the executors had nothing to do.

Mr. Justice HANDY delivered the opinion of the court.

This suit was brought by the defendant in error against the plaintiff in error, to recover the amount of an account claimed to be due the defendant in error for medical services, &c., rendered the intestate of the plaintiffs in error.

On the trial, the defendants below tendered as a witness Mrs. Affleck, one of the residuary legatees of the defendants' intestate. Upon objection being made by the plaintiff to her competency on that ground, the defendants, in order to show her want of interest, produced an instrument of writing duly executed by her, whereby she released and assigned to her co-legatees so much of her share and proportion of the estate as would be equal to a like proportion of the debt and costs demanded in the suit, as well in the event of a recovery in the suit, as of its being defeated.

They also produced a release and discharge of the defendants to the witness for all claim for contribution on account of the claim sued for.

The court held the witness to be incompetent, notwithstanding these releases, and refused to permit her to testify for the defendants; and this presents the only question for consideration.

If the witness in any event could be a loser by the success of the suit or a gainer by the defeat of it, it is clear that she was interested in law in the result of it, and incompetent to testify for the party through whom her interest was involved. But do the releases absolve her from all such interest?

If the suit should be defeated, her release to her co-legatees would certainly debar her of so much of the estate as might be thereby saved for the residuary legatees, and in reference to that result of the suit, she would be rendered competent. But how does the matter stand if the debt should be recovered and the estate compelled to pay it? Could the transfer to the co-legatees of so much of her share of the estate as might be required to pay her proportion of the judgment, absolve the amount due her for her share of the estate from the judgment? It certainly would not. It would be but an acquittance or assignment of so much of her share of the estate, without any thing to discharge the balance due her from liability for the debts of the estate. Her release or transfer of a part of her share of the estate, could not absolve the balance due her from liability for the debts of the estate.

Nor could the release of the executors to her for contribution

to pay the debt, discharge her share from liability. In the event of the debt being established against the estate, the entire property was bound for its payment. The executors had no power to discharge the share of one legatee from its payment, and thereby cause it to fall upon the shares of the other legatees. Nor had they power to bind the other legatees not to call upon this witness for contribution. The liability to contribution was a right of the other legatees against the witness, with which the executors had nothing to do, their duty being solely to apply the assets in their hands to the payment of the debt; and the rights of the residuary legatees thereupon attached beyond the legal power of the executors.

It cannot be taken into consideration, in determining the competency of the witness, that the co-legatees would apply the amount transferred or released to them, to the payment of the judgment, if recovered, and thereby discharge this legatee from all liability for the debt. Such might have been the intention in making the release. But it has not such legal effect, and there is no obligation upon the co-legatees to discharge the witness from contribution, or to apply the amount released or transferred to them in payment of the judgment.

We think, therefore, that the witness was in law interested in the result of the suit, and that she was properly excluded.

The judgment is affirmed.